**Rule 2572. Time for Remand of Record.**

(a)　*General rule.*—[Unless otherwise ordered:] **Except as provided in paragraphs (b) or (c),** [(1) The] **the** record shall be remanded [to the court or other tribunal from which it was certified at the expiration of 30 days] after the entry of the judgment or other final order of the appellate court possessed of the record.

[(2)　The pendency of an application for reargument, or of any other application affecting the order, or the pendency of a petition for allowance of appeal from the order, shall stay the remand of the record until the disposition thereof, and until after 30 days after the entry of a final order in the appellate court possessed of the record.]

[(b)]**(1)**　*Supreme Court orders.*—The time for the remand of the record [pursuant to subdivision (a)] following orders of the Supreme Court shall be

[(1)]**(i)** [7]**Seven** days after expiration of the time for **filing an** appeal or petition for writ of [certiorari]*certiorari* to the United States Supreme Court in cases in which the death penalty has been imposed, and

[(2)]**(ii)** 14 days in all other cases.

[**Official Note**

The amendment provides for remand seven days after expiration of the time for appeal or petition for writ of certiorari to the United States Supreme Court in cases in which the death penalty has been imposed. This keeps the movement of the record to a minimum, and decreases any risks associated with the physical movement of the record.]

**(2)**　*Intermediate Appellate Court orders.*—**The record shall be remanded to the court or other government unit from which it was certified at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record.**

**(b)**　*Effect of pending post-decision applications on remand.*--**Remand is stayed until disposition of: (1) an application for reargument; (2) any other application affecting the order; or (3) a petition for allowance of appeal from the order.  The court possessed of the record shall remand 30 days after either the entry of a final order or the disposition of all post-decision applications, whichever is later.**

(c)　*Stay of remand pending United States Supreme Court Review.*—[A stay of the remand of the record pending review in the Supreme Court of the United States may be granted upon application to the appellate court possessed of the record in the case.] **Upon application, the Supreme Court of Pennsylvania may**

1

**stay remand of the record pending review in the Supreme Court of the United States. The Supreme Court Prothonotary shall notify the court having possession of the record of the application and of disposition of the application.** The stay shall not exceed 90 days unless the period is extended for cause shown. If **a stay is granted and [during the period of the stay there is filed with the prothonotary of the appellate court possessed of the record a notice from]** the Clerk of the Supreme Court of the United States **notifies the Supreme Court of Pennsylvania** that the party **[who has] that** obtained the stay has filed a jurisdictional statement or a petition for a writ of **[certiorari]***certiorari* **[in that court]**, the stay shall continue until final disposition by the Supreme Court of the United States. Upon the filing **in the Supreme Court of Pennsylvania** of a copy of an order of the Supreme Court of the United States dismissing the appeal or denying the petition for a writ of **[certiorari]***certiorari*, the record shall be remanded immediately.

(d)      *Security*.—Appropriate security in an adequate amount may be required as a condition to the grant or continuance of a stay of remand of the record.

(e)      *Docket entry of remand*.—The prothonotary of the appellate court shall note on the docket the date on which the record is remanded and give written notice to all parties of the date of remand.

Official Note**: This rule keeps the movement of the record to a minimum and decreases the risks associated with the physical movement of the record. The 2017 amendment clarifies that an application for stay of the remand of the record pending United States Supreme Court review should be filed in the Pennsylvania Supreme Court.**

   **[Subdivision (a) is based upon former Commonwealth Court Rule 115A. Former Superior Court Rule 58 permitted the record to be returned to the lower court before the order became final upon expiration of the time to petition for allowance of appeal.**

   **Subdivision (b) extends the ten day period of former Supreme Court Rule 67 to 14 days to conform to the 14 day period for applying for reargument under Rule 2542(a)(1) (time for application for reargument).**

   **Subdivision (c) is patterned after Fed. Rules App. Proc. 41 and fills a void in the prior practice. The time periods may be modified by order under Rule 105 (waiver and modification of rules).]**

*       *       *

2